Larry J. Kuznetz
Powell, Kuznetz & Parker, P.S.
316 W. Boone, Rock Pointe Tower, Suite 380
Spokane, WA 99201
(509) 455-4151
(509) 455-8522 – facsimile

Attorneys for Plaintiff
MELISSA A. MILLER

## UNITED STATES DISTRICT COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| MELISSA A. MILLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF POST FALLS, a political subdivision of the State of Idaho; R. SCOT HAUG, City of Post Falls Chief of Police; City of Post Falls police officers NEIL UHRIG, FRANK BOWNE, BRETT CHAPMAN, AARON OGLE, KATHY ESHOO, CHRISTINE JONES, ROD GUNDERSON, and JOHN DOE OFFICERS I-V,<br><br>                    Defendants. | No.<br><br>COMPLAINT FOR DAMAGES<br>AND<br>DEMAND FOR JURY TRIAL |

## I.   INTRODUCTION

This is a complaint for money damages against Defendants for committing acts under color of law that deprived Plaintiff of rights guaranteed by the United States Constitution.  Defendants CITY OF POST FALLS (CITY); City of Post Falls Police Chief R. SCOT HAUG (HAUG); City of Post Falls Police Officers  NEIL UHRIG (UHRIG), FRANK BOWNE (BOWNE), BRETT CHAPMAN (CHAPMAN), AARON OGLE (OGLE),

COMPLAINT AND JURY DEMAND - 1

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

KATHY ESHOO (ESHOO), CHRISTINE JONES (JONES), ROD GUNDERSON (GUNDERSON), and JOHN DOE OFFICERS I-V, in their capacity as officers or employees of the City of Post Falls Police Department, subjected Plaintiff to excessive force and an illegal search and seizure during her apprehension/arrest, in violation of rights guaranteed by the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

## II.    **JURISDICTION**

1.    This action arises under 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is based on 28 U.S.C. §§ 1331, 1343 and 1367 and the aforementioned constitutional and statutory provisions.

## III.    **PARTIES AND VENUE**

2.    Plaintiff is and was at all times relevant herein a citizen of the United States and a resident of Post Falls, Idaho.

3.    Defendant CITY is a municipal corporation located in the State of Idaho in this judicial district.  Defendant CITY has the right and capacity to be sued in its own name and for the acts and omissions of its agents and employees.  At all relevant times, Defendant CITY had the power, right, and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions, and regulations promulgated for the CITY were

COMPLAINT AND JURY DEMAND - 2

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

consistent with the United States Constitution and the laws of the United States, State of Idaho, and Defendant CITY.

4.     Defendant HAUG was at all times the duly appointed Police Chief for the CITY.  As such, he was responsible for supervising the training, instruction, discipline, control, and conduct of the Defendant City Officers.  On information and belief, Defendant HAUG was also charged with promulgating all orders, rules, instructions, and regulations of the Post Falls Police Department, including but not limited to those orders, rules, instructions, and regulations concerning the proper investigation of alleged crimes and arrest procedures, as well as the proper investigation and apprehension and detention of non-criminal persons. He is sued in both his individual and official capacity.

5.     Defendants UHRIG, BOWNE, OGLE, CHAPMAN, ESHOO, JONES, GUNDERSON, DAVIS, AND JOHN DOE OFFICERS I – V were at all times relevant herein duly appointed and acting officers or employees of Defendant City's police department. Each are sued in their individual capacity.

6.     At all times relevant to this complaint, Defendants UHRIG, BOWNE, OGLE, CHAPMAN, ESHOO, JONES, GUNDERSON, DAVIS, AND JOHN DOE OFFICERS I – V acted toward Plaintiff in the scope and course of their employment and under color of law, i.e. under the color of the statutes, ordinances, regulations,

COMPLAINT AND JURY DEMAND - 3

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

customs, or usages of the State of Idaho, County of Kootenai, or the City of Post Falls Police Department.

7.     All acts complained of occurred in Kootenai County, Idaho in the City of Post Falls.

## IV.     FACTS

8.     On or about December 10, 2011, Plaintiff was sleeping in her home in Post Falls, Idaho. She lives in the home with her partner Jason Dunnington, her daughter Julliet, Jason's daughter Monique Dunnington, Plaintiff's son Thad Rhoades, Plaintiff's son Gabriel Rhoades, Gabriel's girlfriend China Bashore, and Plaintiff's granddaughter Emmeline, who is Gabriel's daughter.

9.     At about 11:30 p.m., Plaintiff was awakened by her daughter Julliet, who was nine years old at the time, and Julliet's friend Keely who was spending the night at their house. Julliet and Keely had been in Julliet's room looking out the window when they noticed police cars at the end of their driveway and two City of Post Falls police officers running towards the house. Julliet and Keely ran into Plaintiff's room, woke her up, and informed her that the police were approaching the house.

10.     Plaintiff got out of bed and began walking down the stairs into the living room. Several people were in the living room at that time, including Plaintiff's son Thad, Thad's friends Hailey and Travis, Mr. Dunnington's daughter Monique, Tim, a

COMPLAINT AND JURY DEMAND - 4

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

family friend, and China Bashore, Gabriel's girlfriend. Gabriel was not home at the time of this incident.

11.    When Plaintiff was still on the stairs walking down to the living room, she saw Officer UHRIG open the front door to her house and put his foot inside the door to prevent it from shutting. Plaintiff continued down to the front door, at which point Officer UHRIG told her that he was *"going to search her house."* Plaintiff, who was standing in the doorway at this point, immediately said to Officer UHRIG *"no you are not."*

12.    Despite lack of consent to search her house, Officer UHRIG pushed Plaintiff from the entryway back into the house. He grabbed her arm, and twisted it up behind her back as he continued pushing her into the living room. At that point, Officer UHRIG pushed Plaintiff half onto the couch and half onto the floor with his knee in the middle of her back while he was placing her in handcuffs. He then yelled *"quit resisting!"* even though Plaintiff was clearly not resisting. Plaintiff attempted to explain to Officer UHRIG that she was not resisting, but she was in too much pain to say anything. While he was placing handcuffs on Plaintiff, he looked up at the other people who were in the living room at that time and said *"See, this is what happens when you don't cooperate with the police!"* During the time he was placing Plaintiff in handcuffs, Officer BOWNE, followed Officer UHRIG into the house.

COMPLAINT AND JURY DEMAND - 5

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

13.     While all of this was occurring, Plaintiff did not know what was happening or why the police had stormed into her residence. She was in pain from Officer UHRIG's knee being forced into her back. Julliet was standing on the stairway behind her screaming hysterically. Julliet's friend, Keely, and Plaintiff's boyfriend, Jason, were also standing on the staircase watching the events unfold.

14.     After she was handcuffed, Officer UHRIG informed Plaintiff that there was a runaway juvenile that he suspected was in her house. China and Tim explained to Officer UHRIG that the juvenile had been in the house, but had left out the back door 15 minutes prior to their arrival. China cooperated with the police and gave them a complete description of what the juvenile was wearing.

15.     After receiving information from China about the juvenile, Officer UHRIG stated that he was going to search the rest of the house. At this point, neither he nor any of the other officers in the house had permission to be there. Plaintiff also did not consent to Officer UHRIG's search of the remainder of the house.

16.     Beginning his search, Officer UHRIG approached the downstairs hallway. Plaintiff, Jason and China attempted to explain to Officer UHRIG that there was a separate apartment off of the back of the main house where China's baby daughter – Plaintiff's granddaughter – was asleep. They did not want the baby to be woken up. However Officer UHRIG did not listen and drew his gun from its holster, yelling "*Post*

COMPLAINT AND JURY DEMAND - 6

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

*Falls Police Department!"* very loudly as he continued to walk down the hallway toward the back of the house.

17.    Plaintiff's house contains a bathroom/laundry room downstairs as well as another bedroom connected to the main house. The bedroom that was connected to the main house was rented to another tenant who was not home at this time. The entrance to the separate apartment, which was zoned by the City of Post Falls as a separate residence, was at the end of the hallway. Plaintiff's son Gabriel, his girlfriend China and their baby were occupants of the separate apartment.

18.    Officer UHRIG first searched the bathroom/laundry area. Finding nothing, he entered the back bedroom of the main house, which was rented out to another tenant who wasn't home. The door to that bedroom was closed. As he opened the door and entered the bedroom, he yelled *"Grow!"* During this time, Plaintiff was still handcuffed on the couch, and she continued to yell at Officer UHRIG not to enter the separate apartment at the end of the hall and wake the sleeping baby.  However, Plaintiff heard what she believed to be the handle of Officer UHRIG's gun striking the handle of the closed apartment door, and the door being pushed open. Immediately, her granddaughter began screaming confirming in her mind that Officer UHRIG had indeed entered the apartment and woke the sleeping baby.

19.    At that point, Officer UHRIG returned to the living room where everyone else was waiting. He had re-holstered his gun at this point. He approached Officer

COMPLAINT AND JURY DEMAND - 7

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE:  (509)455-4151
FAX:  (509)455-8522

BOWNE and told him that he had found a *"marijuana growing operation"* in the back bedroom. At that time, both Officer UHRIG and Officer BOWNE commented that they smelled fresh marijuana as soon as they entered the home, despite the fact that neither officer had mentioned that even once before this point.

20.     Officer UHRIG then placed Jason in handcuffs. He allowed China to retrieve her crying baby from the back apartment. After placing Jason in handcuffs, he then approached the stairs to begin a search of the upstairs portion of the house. Again, he removed his gun from his holster and yelled *"Post Falls Police Department"* loudly up the stairs. Hearing no reply, he proceeded up the stairs. While upstairs, Officer UHRIG again yelled *"Grow!"* Officer UHRIG then returned downstairs and re-holstered his weapon.

21.     Meanwhile, the front door to the house was left wide open since the officers first entered. It was about 23 degrees outside that night and extremely cold. Since both Plaintiff and Jason had just been wakened, they only had time to put on pajamas when they came downstairs. So they were extremely cold. They both asked the officers several times if they could shut the door, but the officers refused.

22.     After Officer UHRIG came down from searching upstairs, he read both Plaintiff and Jason their Miranda rights and explained that they were both being placed under arrest for *"manufacturing marijuana."* He also informed them that their children were being placed in protective custody. He began asking them questions

COMPLAINT AND JURY DEMAND - 8

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

about the marijuana that he had discovered in the back bedroom. Plaintiff and Jason explained that the plants did not belong to them.

23.     Officer UHRIG told the other people in the house to either leave or have their parents come and pick them up. Hailey called her mother to come get her. China also called her mother to come pick her and the baby up, since Gabriel was unavailable. Tim and Travis were allowed to leave as they were legal adults. Keely was taken to her home which was across the alley from the Miller house.

24.     When Officer UHRIG re-entered the house, Plaintiff told him that she needed to use the bathroom. The only female officer, ESHOO, had left the location at that point. Officer UHRIG made Plaintiff wait for several minutes, and then he removed her handcuffs and escorted her to the downstairs bathroom. Plaintiff assumed he would shut the door and allow her to use the bathroom in private, but he did not do so. When Plaintiff asked him if he was going to leave the bathroom, he did not respond. Instead, he left the bathroom door open and stood inside the doorway. Plaintiff stared at him until he finally turned and faced away from her in the doorway. At that point, Plaintiff was finally able to use the bathroom.

25.     Plaintiff returned to the living room with Officer UHRIG. Jason and Plaintiff asked Officer UHRIG again to please shut the front door. At that point Officer UHRIG decided to take the two out to his squad car because he was *"sick of listening"* to their whining. This was despite the fact that neither CPS nor the other kids'

COMPLAINT AND JURY DEMAND - 9

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

parents had shown up yet. Before taking them to the squad car, Officer UHRIG escorted them to their bedroom to put some warmer clothes on. Then he took the two of them to the police car.

26.     A short time later, they drove to the police station. After arriving at the station, Officer UHRIG took more information from them, and then booked Plaintiff into the Kootenai County Jail where she remained until her first appearance on December 12, 2011.

27.     When Plaintiff arrived for her first appearance, the judge was informed that the State of Idaho would not be pressing charges for any crime at that time. Plaintiff was released within the next hour. However, about 6 months later in June, 2012, Ms. Miller received notification that she and Mr. Dunnington were being charged with possession of marijuana, a misdemeanor. The hearing was set for October 15, 2012.

28.     On October 12, 2012, Plaintiff attended a suppression hearing. The hearing was held to determine whether the police had a legal right to enter her home without permission and without having a search warrant. And if no legal right existed, evidence seized in the home would be suppressed as a result. On October 15, 2012, the court found that the Post Falls Police Department made a "warrantless entry" into the home, and that:

COMPLAINT AND JURY DEMAND - 10

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

*"None of the well delineated exceptions to the warrant requirement of Article 1, §§ 13 and 17 of the Constitution of the State of Idaho (or of the 4th Amendment to the Constitution of the United States) are applicable to the facts of this case."*

29.    In finding that the Post Falls Police Department made an unlawful entry into Plaintiff's home, the court entered an order supressing "all evidence derived from the warrantless entry by police into plaintiff's home on or about December 10, 2011."

30.    As a result of Defendant's conduct and actions, Plaintiff suffered physical injuries, past and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, lost wages, future earnings, and diminished earning capacity and was deprived her rights under the Fourth and Fourteenth Amendments to the United States Constitution, all to her damage in an amount to be proved at trial.

## V.

## COUNT I

### (§1983 Action for Use of Excessive Force by Defendant Officers Against Plaintiff)

31.    Paragraphs 1-30 are incorporated herein by reference.

32.    The actions of Defendant UHRIG, as described above, were excessive and unreasonable. By using excessive force in effectuating Plaintiff's apprehension

COMPLAINT AND JURY DEMAND - 11

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

without probable cause and without a search warrant to enter her home, and lacking consent to do so, causing subsequent injury, pain and suffering, and emotional distress for no legitimate safety, security, or other reasonable justification, Officer UHRIG conducted the apprehension of Plaintiff in a manner that was unreasonable and deprived Plaintiff of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Based on information and belief, Officers BOWNE, CHAPMAN, OGLE, ESHOO, JONES, GUNDERSON, and JOHN DOE OFFICERS I-V were present at the time Defendant UHRIG used unnecessary and unreasonable excessive force on Plaintiff and had a realistic opportunity to intervene and prevent such injury to Plaintiff.  Defendant Officers BOWNE, CHAPMAN, OGLE, ESHOO, JONES, GUNDERSON, and JOHN DOE OFFICERS I-V unreasonably failed to intervene and failed to prevent the unnecessary and unreasonable use of excessive force on Plaintiff in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

34.     As a result of these Defendant officers' conduct, Plaintiff suffered physical injuries, past and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, lost wages, future earnings, and diminished earning capacity and was deprived of her rights under the Fourth and Fourteenth

COMPLAINT AND JURY DEMAND - 12

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

Amendments to the United States Constitution, all to her damage in an amount to be proved at trial.

## VI.

## COUNT II

### (§1983 Action For Illegal Search and Seizure Against Defendant Officers)

35.     Paragraphs 1-34 are incorporated herein by reference.

36.     The search of Plaintiff's by Defendant Officers UHRIG, BOWNE, CHAPMAN, OGLE, ESHOO, JONES, GUNDERSON, and JOHN DOE OFFICERS I-V was illegal because it was done without consent, a search warrant, or exigent circumstances.

37.     As a result of Defendant officer's illegal search of Plaintiff's home, Plaintiff suffered physical injuries, past and future medical expenses, pain and suffering, emotional distress, and lost wages, future earnings, and diminished earning capacity all in an amount to be proved at trial.

## VII.

## COUNT III

### (§1983 Claim Against Defendants CITY and HAUG)

38.     Paragraphs 1-37 are incorporated herein by reference.

COMPLAINT AND JURY DEMAND - 13

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

39.    The actions of defendant UHRIG were the result of a CITY police policy or custom regarding lawful search and seizure procedures under the United States Constitution and use of force procedure.

40.    On information and belief, Defendant HAUG authorized, approved, or acquiesced in the officer search and seizure and use of force policies and was responsible for the operations of the CITY Police Department as a whole.

41.    As a result of Defendant CITY and HAUG'S search and seizure and use of force policies, or lack thereof, Plaintiff incurred physical injuries, past and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, lost wages, future earnings, diminished earning capacity and was deprived her rights under the Fourth and Fourteenth Amendments to the United States Constitution, all to her damage in an amount to be proved at trial.

## VIII.

## COUNT IV.

### (Claim for Adverse Tax Consequences)

42.    Paragraphs 1-41 are incorporated herein by reference.

43.    To the extent plaintiff suffers any adverse tax consequences as a result of an award arising out of her claims, an additional award should be made to plaintiff post trial to offset any adverse tax consequences.

## XII.    REQUEST FOR RELIEF

COMPLAINT AND JURY DEMAND - 14

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants as follows:

a.     For general damages in an amount to be proved at trial;

b.     For special damages in an amount to be proved at trial;

c.     For past and future medical expenses in amounts to be proved at trial;

d.     For lost wages, loss of future earnings and diminished earning capacity in amounts to be proved at trial;

e.     For punitive and exemplary damages allowed by law;

f.     For prejudgment and post judgment interest;

g.     For attorneys' fees pursuant to 42 U.S.C. § 1988;

h.     For costs and expenses incurred herein;

i.     For damages to offset adverse income tax consequences with any award made; and

j.     For such further relief this Court deems just and equitable.

## XI.   **JURY DEMAND**

A jury trial is hereby demanded for all issues pursuant to FRCP 38.

//

//

//

//

//

COMPLAINT AND JURY DEMAND - 15

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522

DATED this _30th_ day of November, 2013.

Respectfully submitted,

POWELL, KUZNETZ & PARKER, P.S.

By: _____
    Larry J. Kuznetz
    Attorneys for Plaintiff

STATE OF Washington   )
                 :ss
County of Spokane     )

MELISSA A. MILLER, being first duly sworn on oath, states:

    I am the above-named plaintiff, I have read the foregoing Complaint For Damages and Demand For Jury, know the contents thereof and believe the same to be true to the best of my knowledge, information and belief.

_____

    Subscribed and sworn to before me this 26th day of November, 2013.

_____

Print Name: _Stephen M. Bergman_
Notary Public in and for the State
of Washington, residing at Spokane
My commission expires: _1/17/2017_

Notary Public
State of Washington
STEPHEN M. BERGMAN
MY COMMISSION EXPIRES
January 17, 2017

COMPLAINT AND JURY DEMAND - 16

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
316 W. BOONE AVE., ROCK POINTE TOWER, STE. 380
SPOKANE, WASHINGTON 99201-2346
PHONE: (509)455-4151
FAX: (509)455-8522